UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| TIMAIMA YABAKI,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Defendant. | Case No. 24-cv-01779-LB<br><br>**ORDER TO REASSIGN CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO DISMISS COMPLAINT**<br><br>Re: ECF No. 1 |

**INTRODUCTION**

The plaintiff, who represents herself and is proceeding in forma pauperis, sued the City and County of San Francisco (CCSF), charging that it obtained an invalid demurrer in Superior Court. Before authorizing the U.S. Marshal to serve the complaint, the court must screen it for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). There are no viable claims because the *Rooker-Feldman* doctrine bars the plaintiff's collateral attack on a state-court judgment. The case should be dismissed. Because not all parties have appeared in the case and consented to magistrate-judge jurisdiction, the case must be reassigned. 28 U.S.C. 636(c)(1); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017). The court directs the Clerk of Court to reassign the case to a district judge and recommends that the newly assigned district judge dismiss the case.

**STATEMENT**

The defendant is the CCSF, with an address at 1 Dr. Carlton B. Goodlett Place, San Francisco, California (which is City Hall), and a phone number of (415) 554-4000 (which is San Francisco's 311 customer-service center).[1] In the state lawsuit, she claimed $55 million in damages from an injury that she suffered in 2021.[2] The CCSF obtained the demurrer on July 21, 2023, three weeks after she filed her lawsuit.[3]

**STANDARD OF REVIEW**

A complaint filed by a person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory sua sponte review and dismissal by the court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Under § 1915(e)(2), a court reviewing an in forma pauperis complaint must rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1126–27. "The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

"Frivolousness" under § 1915(e) and failure to state a claim under Rule 12(b)(6) are distinct concepts.

---

[1] Compl. – ECF No. 1 at 3. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents. The court judicially notices the City Hall address and telephone number from public records. *Lee v. Cnty. of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); *White v. Social Sec. Admin.*, No. 14-cv-05604-JST, 2015 WL 3902789, at *2 (N.D. Cal. June 24, 2015); *Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 WL 2604774, at *3 n.1 (N.D. Cal. June 10, 2014). Key to these decisions is public availability and the undisputed reliability of the information in the documents.

[2] Compl. – ECF No. 1 at 5.

[3] *Id.*; *accord* Letter – ECF No. 7 (asserting these facts and attaching the demurrer).

"A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The definition of frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has "the unusual power to pierce the veil of the complaint's factual allegations," meaning that the court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Frivolous claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* "An in forma pauperis complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. But "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* Frivolous litigation "is not limited to cases in which a legal claim is entirely without merit. . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

Under Rule 12(b)(6) and § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (cleaned up).

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable

inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.) (cleaned up).

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of her claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. She need not plead specific legal theories so long as sufficient factual averments show that she may be entitled to some relief. *Id.* at 1041.

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (cleaned up).

## ANALYSIS

The plaintiff is challenging a state-court decision. She cannot do so in this lawsuit. Under the *Rooker-Feldman* doctrine, lower federal courts lack subject-matter jurisdiction to hear direct or de facto appeals from state-court judgments. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 416 (1923); *Fowler v. Guerin*, 899 F.3d 1112, 1119 (9th Cir. 2018). The plaintiff's remedy is to appeal an adverse decision, not collaterally attack it in a lawsuit filed in federal court.

## CONCLUSION

The court directs the Clerk of Court to reassign the cases to a district judge and recommends that the newly assigned district judge dismiss the cases with prejudice. Any party may serve and file specific written objections to this recommendation within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2); N.D. Cal. Civil L.R. 72-3.

Failure to file written objections within the specified time may waive the right to appeal the district court's order.

**.IT IS SO ORDERED.**

Dated: September 19, 2024

_____
LAUREL BEELER
United States Magistrate Judge